HENRY J. GOTTLOB ET AL., PROSECUTORS, v. CHARLES
P. SCHMIDT.

Argued November 8, 1900—Decided February 25, 1901.

1. Section 10 of an act providing for the registration of trade-marks,
   &c. (*Pamph. L.* 1898, *p.* 83), imposing a penalty of not less than
   $200 and not more than $500, to be recovered in an action of debt
   in any court of law in this state authorizes the plaintiff in the
   action to fix the amount for which suit shall be brought.
2. Suit having been brought for $200, the District Court had juris-
   diction.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutors, *Joseph A. Beecher.*

For the defendant, *William J. Kearns.*

The opinion of the court was delivered by

GARRETSON, J. This was an action brought in the Second
District Court of the city of Newark to recover $200. It
was brought under an act entitled "An act to provide for the
registration of labels, trade-marks, terms and designs, and to
protect and secure the rights, property and interests therein
of the persons, associations, organizations and corporations
adopting and filing the same." *Pamph. L.* 1898, *p.* 83.

The tenth section of that act provides "that in addition
to any other rights, remedies or penalties provided by this
act and as concurrent therewith, any person or persons, asso-
ciation, organization or corporation that shall violate any of
the provisions of this act shall be liable to a penalty of not
less than two hundred and not more than five hundred dol-
lars, to be recovered in an action of debt in any court of
law of this state having jurisdiction in civil causes, by any
such person, association, organization or corporation that has

adopted and filed, or caused the same to be done as aforesaid, any such label, trade-mark, term or design; which action may be commenced by summons as in ordinary cases and shall be proceeded with therein as ordinary cases in said court."

The District Court held that by the foregoing language the legislature intended to confer upon the court, in case of conviction, the duty of imposing the penalty between the limits of $200 and $500, according to the seriousness of the offence in each case; that as, under the act, the extreme penalty was $500, that amount determined the jurisdiction of the court, and as the jurisdiction of District Courts was limited to amounts less than $500, these actions could not be brought in those courts.

The District Court also held that the language of the act, "to be recovered in an action of debt in any court of law in this state having jurisdiction in civil causes," did not enlarge the jurisdiction of District Courts in the matter of amount in actions under this statute. Upon these grounds a non-suit was granted.

In the case of *State* v. *Zeigler,* 3 *Vroom* 262, this court held that where the legislature authorized the enforcement of ordinances by a penalty not exceeding $50, to be recovered in an action of debt, the council must prescribe a precise penalty for each offence. In *McConvill* v. *Jersey City,* 10 *Id.* 38, an ordinance fixing a penalty not exceeding $50 was sustained because the penalty was not to be collected by an action of debt, and that an action of debt can only be maintained for a sum capable of being ascertained at the time of the action brought.

Under this statute the penalty is to be recovered in an action of debt, and that amount must be ascertained and fixed by somebody when the summons is issued.

The power of the legislature to authorize a common council to fix penalties, whether to be recovered by actions of debt or otherwise, is not questioned, and we see no reason why the legislature may not also depute to the person for whose benefit the recovery is to be had the right to fix the amount within the statutory limits of the debt for which suit shall

be brought. This being so, the plaintiffs brought this action for a debt of $200, which was within the jurisdiction of the District Court as defined by other statutes, and there was nothing in that action from which the question could arise as to whether the court had jurisdiction if suit had been brought for an amount beyond that fixed by other laws as the limit of its jurisdiction.

The question whether the language of the act that the penalty should "be recovered in an action of debt in any court of law in this state having jurisdiction in civil causes" gave the court jurisdiction up to $500, could not arise in a suit to recover a debt of $200.

For these reasons the judgment of the District Court should be reversed.